IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                                          19-CR-227

MICHAEL MASECCHIA,

Defendant.

_____

## PLEA AGREEMENT

The defendant, **MICHAEL MASECCHIA**, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.      THE PLEA AND POSSIBLE SENTENCE

1.      The defendant agrees to plead guilty to Counts 15 and 17 of the Superseding Indictment, which charge:

a.  In Count 15, a violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute marijuana), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least 2 years and up to life.

b.  In Count 17, a violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of firearms in furtherance of drug trafficking), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of life, such sentence to be imposed consecutively to any other term of

imprisonment, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 5 years.

       c.  The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 7 years, without credit for time previously served on supervised release.

## II.    ELEMENTS AND FACTUAL BASIS

3.     The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 15

    a.    the defendant possessed a controlled substance;

    b.    the defendant knew that the defendant possessed a controlled substance; and

    c.    the defendant intended to distribute the controlled substance.

### Count 17

    a.    the defendant committed a drug trafficking crime for which he could be prosecuted in a court of the United States;

    b.    the defendant knowingly possessed a firearm; and

c.      the possession was in furtherance of the drug trafficking crime.

## FACTUAL BASIS

4.      The defendant and the government agree to the following facts, which form the

basis for the entry of the pleas of guilty including relevant conduct:

a. The defendant admits and agrees that he has been involved, with others, in the possession with intent to distribute, and distribution of, marijuana since at least 1999, and continuing until on or about August 23, 2019, at which time the defendant was arrested by federal agents at his residence, located at 5907 Main Street, Williamsville, New York. The defendant's conduct included repeated distribution of quantities of marijuana trafficked into the Western District of New York, to individuals operating in the Buffalo, New York area and its suburbs. The defendant also admits and agrees that he and others have participated in marijuana grow operations in Ellicottville and Franklinville, in Cattaraugus County, New York, for harvesting and distribution to marijuana to resellers and users. The defendant further admits that, between at least 1999 and August 23, 2019, he has possessed firearms to protect his person, proceeds, and property where he stored marijuana and currency and, therefore, that he possessed firearms in furtherance of his marijuana distribution activities.

b. The defendant further admits and agrees that, at various times, codefendant Joseph Bongiovanni, a former DEA agent in the Buffalo, New York resident office, has provided law enforcement sensitive information, including the names of potential cooperators and whether or not MASECCHIA and others were under federal investigation, to enable MASECCHIA and others to continue in their marijuana distribution activities undetected by other members of law enforcement.

c. On August 23, 2019, agents and officers from HSI, FBI, the Erie County Sheriff's Office, and the Niagara County Sheriff's Office executed a search warrant at 5907 Main Street, Williamsville, New York. At that time, MICHAEL MASECCHIA, his wife, and their two children were present at the residence. Agents spoke to MASECCHIA in the front yard of the residence while a tactical team completed the initial search of the residence. Agents questioned MASECCHIA about firearms and controlled substances present in the residence. MASECCHIA related there were several firearms located in his bedroom. He also stated there was a small amount of marijuana in his nightstand. MASECCHIA stated he had numerous firearms under his bed and one firearm in a case between the mattress and box spring of his bed. One of the agents asked

3

MASECCHIA about a pistol magazine observed while retrieving MASECCHIA's glasses from MASECCHIA's bedroom, and MASECCHIA explained the magazine was not for a pistol. The magazine was for the KelTec rifle located in the bedroom. During the search, HSI seized, among other things:

   i.   One (1) KelTec 9mm semi-automatic rifle, serial number E3T96, which was discovered between the mattress and box springs in master bedroom of the residence. This firearm was on the same side of the bed as the nightstand where an FBI agent saw the loaded magazine that he believed was for a pistol, but MASECCHIA stated was for the KelTec rifle. Based upon the training and experience of the agents, the KelTec rifle and magazine were positioned in that way to allow quick and ready access to the rifle and its ammunition. The mason jars containing marijuana were also found in the same nightstand.

   ii.  One (1) Savage model 187 .22 caliber rifle, serial number B361093;

   iii. One (1) Remington model 11-87 20 gauge shotgun, serial number TL062987 ;

   iv.  One (1) New England Firearms .410 gauge shotgun, serial number 399197;

   v.   One (1) Mossberg model 500C shotgun, serial number K911699;

   vi.  One (1) Mossberg model 500A shotgun, serial number R134294;

   vii. One (1) Remington model 31 shotgun, serial number 58541;

   viii. One (1) MasterPiece Arms Defender pistol, serial number F14805;

   ix.  $27,950.00 in U.S. currency;

   x.   Various ammunition for the firearms;

   xi.  Three (3) Mason jars containing marijuana;

xii.   Various steroids in liquid and tablet form;

xiii.   Hypodermic needles;

xiv.   THC edibles;

xv.   Cannabis syrup;

xvi.   Two (2) grams of a white powder suspected to be cocaine, which was later tested and determined through lab analysis to be 1.68 grams of cocaine;

xvii.   Tylenol with Codeine tablets weighing 33 grams;

xviii.   Suspected hashish;

xix.   One (1) digital scale;

xx.   a suspected marijuana cigarette;

xxi.   Numerous plastic bags and small bottles containing marijuana;

xxii.   a ZTE cellular telephone;

xxiii.   a Cricket cell phone and charge cable;

xxiv.   a Samsung cell phone with charger; and

xxv.   a black Iphone.

d.   Multiple witnesses would testify regarding the defendant's participation and distribution of multiple pounds of marijuana repeatedly over time between at least 1999 and August 23, 2019, and would also testify regarding the defendant's participation in marijuana grow operations, whose harvests resulted in repeated distribution of multiple pounds of marijuana over the same time-period.

e.   A conservative estimate of the defendant's relevant conduct, through anticipated witness testimony and evidentiary seizures, is at least 1,000 kilograms but less than 3,000 kilograms of marijuana (or 1,000 kilograms to 3,000 kilograms of converted drug weight). The defendant admits to this conduct.

5

### III.    SENTENCING GUIDELINES

5.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.    The government and the defendant agree that Guidelines §§ 2D1.1(a)(5), and 2D1.1(c)(5) apply to the offense of conviction in Count 15 and provide for a base offense level of 30.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.    The government and the defendant agree that the following specific offense characteristic does apply to Count 15:

  a. the two level increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining a premises to manufacture or distribute a controlled substance).

### ADJUSTED OFFENSE LEVEL

8.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction in Count 15 is 32.

### ACCEPTANCE OF RESPONSIBILITY

9.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level

downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 29 for Count 15.

## CRIMINAL HISTORY CATEGORY

10.    It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11.    It is the understanding of the government and the defendant that, with a total offense level of 29 and criminal history category of I, and taking into account the statutory maximum penalties, the defendant's sentencing range for Count 15 would be a term of imprisonment of 60 months, a fine of $30,000 to $300,000, and a period of supervised release of 2 to 3 years.

12.    The government and the defendant agree that Guidelines § 2K2.4(b) applies to the offense of conviction in Count 17 and provides that the Guidelines sentence is the minimum term of imprisonment required by statute. The applicable statute, Title 18, United States Code, Section 924(c)(1)(A)(i), requires a term of imprisonment of not less than 5 years

to be imposed consecutively to any other sentence of imprisonment, a fine of up to $250,000, and a term of supervised release of 2 to 5 years.

13.     Based on the above, it is the understanding of the government and the defendant that the aggregate sentencing range for defendant is a term of imprisonment of **120** months (60 months on Count 17 to run consecutive to 60 months on Count 15), a fine of $30,000 to $300,000 and a term of supervised release of 2 to 5 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement for both counts of conviction.

14.     Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a sentence within range of a term of imprisonment of **84** to **96** months, as part of the appropriate sentence in this case.  If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty.  This agreement does not affect the amount of a fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

15.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV.  STATUTE OF LIMITATIONS

16.    In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V.  REMOVAL

17.    The defendant represents that he is a citizen of the United States.  However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.  GOVERNMENT RIGHTS AND OBLIGATIONS

18.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.     advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.     modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19.     At sentencing, the government will move to dismiss the remaining open counts of the Superseding Indictment in this action with respect to this defendant.

20.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.    APPEAL RIGHTS

21.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

10

22.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23.     The government waives its right to appeal any component of a sentence imposed by the Court which is a term of imprisonment of at least 84 months and falls within or is greater than the sentencing range for a fine and supervised release set forth in Section III, ¶ 13, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.  FORFEITURE PROVISION

24.     As a condition of the plea, the defendant agrees not to contest any forfeiture or abandonment proceeding that may be brought by the United States and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which are subject to forfeiture pursuant to Title 21, United States Code, Section 853(a)(1), which are in the possession and control of the defendant or the defendant's nominees.  That property includes:

a.     **CURRENCY:**

   i.     The sum of $27,950 in United States currency seized on or about August 23, 2019, presently being held as evidence by the government. The defendant further agrees that this amount is properly forfeitable pursuant to Title 21, United States Code, Section 853(a)(1) as the $27,950 was proceeds of the defendant's illegal activities  and waives any other rights the defendant may possess to contest that forfeiture.

25.     Upon the defendant's convictions of Counts 15 and 17 of the Superseding Indictment, the defendant agrees to the forfeiture of all of his right, title, and interest in the following property, seized by law enforcement on or about August 23, 2019, from 5907 Main Street, Williamsville, New York, pursuant to Title 18, United States Code, Sections 924(d), 3665 and Title 28, United States Code, Section 2461(c):

   a.  One (1) Keltec Rifle bearing serial number E3T96;

   b.  One (1) Remington Savage Rifle bearing serial number B361093;

   c.  One (1) Remington Shotgun bearing serial number TL062987;

   d.  One (1) New England Firearms Shotgun  bearing serial number 399197;

   e.  One (1) Mossberg Shotgun bearing serial number K911699;

   f.  One (1) Mossberg Shotgun bearing serial number R134294;

   g.  One (1) Remington Shotgun bearing serial number 58541;

   h.  One (1) Masterpiece Arms Pistol bearing serial number F14805 with three(3) magazines;

   i.  Ten (10) 20 gauge slugs;

   j.  Fifty-Six (56) rounds of 9mm ammunition;

   k.  Twenty-five (25) .410 gauge shotgun shells;

   l.  One (1) Mecgar 9mm magazine; and

   m. Ten (10) 12 gauge shotgun shells.

26.     After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above.  The defendant hereby waives any right to notice

of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

27.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth

Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

28.     The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property.  The defendant further agrees to the destruction of the above referenced property.

29.     The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the currency, firearms, and ammunition survives and shall be given full force and effect.

## IX.     TOTAL AGREEMENT AND AFFIRMATIONS

30.     This plea agreement represents the total agreement between the defendant, **MICHAEL MASECCHIA**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:     _____
JOSEPH M. TRIPI
Assistant United States Attorney

Dated:  December 9, 2020

14

I have read this agreement, which consists of pages 1 through 15. I have had a full opportunity to discuss this agreement with my attorney, Patrick J. Brown, Esq.  I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
MICHAEL MASECCHIA
Defendant

Dated:  December _1_, 2020

_____
PATRICK J. BROWN, ESQ.
Attorney for the Defendant

Dated:  December _4_, 2020