UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.                                                               19-CR-227 (LJV) (MJR)

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,

           Defendants.
_____

UNITED STATES OF AMERICA,

    v.                                                             23-CR-37 (LJV) (MJR)

PETER GERACE, JR.,

           Defendant.
_____

## ORDER

On December 19, 2023, defendant Joseph Bongiovanni moved to sever the counts against him. Docket Item 697.[1] The government did not oppose Bongiovanni's motion. Docket Item 700.

Bongiovanni's co-defendant, Peter Gerace, Jr., also did not oppose Bongiovanni's motion for severance. Docket Item 703. "[A]s an alternative to severance of defendants," however, "Gerace move[d] for severance of the offenses, or

---

[1] Bongiovanni previously moved for severance on April 23, 2023, Docket Item 343, and again on August 18, 2023, Docket Item 586. Both motions were denied. Docket Items 442 and 612.

severance of counts," on which he and Bongiovanni overlap.  *Id.* at 2; *see also* Docket Item 704.  In other words, Gerace proposes that the counts against him be tried in two separate trials—the first with Bongiovanni on the counts with which they are both charged (Counts 2 and 8) as well as a related count (Count 6) and the second against Gerace alone on the remaining counts.

On December 29, 2023, the government opposed Gerace's motion.  Docket Item 705.  On January 2, 2024, Gerace replied.  Docket Item 706.

In light of the pending issues involving Gerace's counsel, and because the government no longer opposes severance of defendants, the Court finds that justice now requires severance of Bongiovanni's case so that it may proceed expeditiously.  *See* Fed. R. Crim. P. 14(a) ("If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.").  The question, then, is whether to sever the case by defendant, as the government requests, or by count, as Gerace requests.[2]

After careful consideration, the Court finds that severing some of the counts against Gerace would complicate—rather than streamline—this complex case, and, therefore, declines to exercise its discretion to do so.  *See United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (explaining that "Rule 14 'leaves the tailoring of the relief to

---

[2] The Court agrees with the government that Gerace has not demonstrated that prejudice would result from all the counts against him being tried together.  *See generally* Docket Item 705.  But as Gerace observes in his reply, "when joinder in an indictment appears to prejudice at least one defendant, the Court may grant severance in whatever manner that justice requires to resolve the prejudice."  Docket 706 at 5.

be granted, if any, to the district court's sound discretion'" (quoting *Zafiro v. United States,* 506 U.S. 534, 539, (1993))).

  For those reasons, this Court GRANTS Bongiovanni's motion to sever, Docket Item 697, and DENIES Gerace's motion to sever, Docket Item 704.  The trial for Bongiovanni will commence on February 12, 2024.  The Court will schedule the trial for Gerace following resolution of the pending motion to disqualify counsel.

  SO ORDERED.

  Dated: January 3, 2024
      Buffalo, New York

                */s/ Lawrence J. Vilardo*
                LAWRENCE J. VILARDO
                UNITED STATES DISTRICT JUDGE